IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARC NORFLEET (R-57214)
     Pro se Plaintiff,

~v-                           Case No. 10  15-cv-160-JPG

GODINEZ, BENTON, BUTLER, CRY, GAETZ,
        , FLATT, DEAN, KEANE, SPILLER(I,D,O.C.)
IL.DEPT.OF CORR'S. WILSON  BROWN, EDWARDS
sued in their individual and official capacities.
               Defendants.

_____COMPLAINT

INTRODUCTION/BACKGROUND
           Plaintiff now timely files this _____

necessary 42 U.S.C. §1983, 42 U.S.C. §12132 (a)(b) Title II(A.D.A.)American Disability

Act Fourteenth & Eight & First Amendment (Retaliation) complaint, that now includes

new Defendants due to retaliation. As Defendants have never timely or otherwise

responded to Plaintiffs previous complaint filings. Justice so requires that this

_____complaint be permitted to proceed in this Court for the following reasons.

Defendants continuous pattern of injuries knowingly inflicted upon Plaintiff.

Defendants continue to intentionally and deliberately deny to accommodate Plaintiffs

"Radiculopathy" wheelchair confined A.D.A. qualified disability medical condition

here in Pinckneyville Correctional Center (PNK.C.C.); since Plaintiffs arrival in

retaliation for Plaintiff filing complaints. Thus Defendants are attempting to

break Plaintiff, through Plaintiff's eventual death from lack of exercise, from Plain-

-tiffs United States Constitutional First Amendment Right to access to the Court

for redress of grievences. First Plaintiff filed 09-c-347 at Lawrence C.C. THEN/NEXT

-Plaintiff filed the 10-c-626 JPG-PMF claim, due to eight intentional consecutive

weeks of Menard Corr. Cntr. and I.D.O.C. Defendant director employee's refusing

continuousty to provide access to outside cell (wheelchair confined Plaintiff)access

to exercise. Judge Gilbert dismissed the claim. Appeals Court reversed the claim

See Marc NORFLEET v. Roger E. WALKER 684 F. 3d. 688 (7th Cir.2002). Already filed was

09-c-347 JPG-PMF seeking a preliminary injunctive relief for A.D.A. accommodation

accommodating exercising equipment; and equal schedule as the non-disable inmates
to utilize such possible equipment. A hearing was scheduled concerning the
preliminary injunction issue within Benton Courthouse. Suddenly Plaintiff was
transferred over to Menard Corr. Cntr.,and denied A.D.A. wheelchair accommodating
exercise equipment. Thus Menard employee's testified at the preliminary injunction
hearing.

During the(09-3-347)preliminary injunction hearing held in Benton Federal Court
house Menard Corr. Cntr's Defendant Mrs. Kimberly Butler,and I.D.O.C.'s 28 U.S.C.
§35.104 federally mandated A.D.A. Coordinator Defendant Mr. Patrick Keane both
knowingly untruthfully testified to Judge Phil Gilbert that Plaintiff would be
transferred to an A.D.A. (exercise) accommodating Pinckneyville facility. When in
fact Pinckneyville is not in compliance with Title II of the Rehibilitation Act
of 1973 42 U.S.C. §12132, 29 U.S.C. §794. As a result of continuous non-compliance
Plaintiffs shoulders pain has reached the point of no return. Also Pinckneyville
employee's recently have began a pattern of not returning nor filing Plaintiffs
disability related formal grievance complaints,U.S.C 1st,8th,14 Amend deprivation.

## JURISDICTION

This Court has jurisdiction over Plaintiffs Federal claims pursuant to 28 U.S.C.
§1331 and 42 U.S.C. §1343 (a) (3). This Court has jurisdiction over Plaintiffs
state law claims pursuant to 28 U.S.C. §1367 and §504 Title II of Rebilition Act.

## VENUE

This Court,the Seventh Circuit Southern District Federal Courthouse
Melvin Price Federal Building P.O.Box 249 East Saint Louis IL.62202 28 U.S.C.
§1391 (b)(2). As this venue is where the events in this claim occurred.

## DEFENDANT'S

Defendant (Def.) Salvadore A. Godinez an I.D.O.C. employee is the Director of
the Illinois State Prison System at all times during this complaint. Def. Godinez
at ALL times in this complaint(and outside of it) is responsible for Plaintiffs

welfare and safety specifically concerning compliance with the Rehibilitation Act.
Def. Godinez is the I.D.O.C. Director who replaced Defendant Roger E. Walker. Def.
Godinez employment address is 1301 Concordia Court Springfield IL. 62794-9277,
Def. Godinez is also responsible for overseeing ALL final responses to Plaintiffs
formal filed institutional grieviances. As Def. Godinez signs off on the grievances.

Def. Sherry Benton is an I.D.O.C. employee on the Adiministrative Review Board
(hereafter A.R.B.) Chairperson. Def. Benton is legally responsible as the overseer
whom dictated the final written/typed response to Plaintiffs PNK.C.C. grievances,
and Menard C.C. grievances. Her address is 1301 Concordia Court Springfield,IL.62794.

Def. Kimberly Butler is an I.D.O.C. employee was the head warden of programs over
the A.D.A. programs and services offered to, not available, and not accessable to
Plaintiff; but, available to and accessible to non-disable inmates. At all times
during this complaint Def. Butler was responsible for Plaintiffs welfare and safety.
Her address is 711 Kaskaskia Street Menard IL. 62259.

Def. Donald Gaetz is an I.D.O.C. employee, was the head warden off programs over
the A.D.A. programs and services (did two warden job titles) offered to, not
available and not accessible to Plaintiff,but available to and accessible to non-
-disable inmates. At all times during this complaint Def. Gaetz was responsible
for Plaintiffs welfare and safety. His address is 5835 State Route 154/Box 999
Pinckneyville IL. 62274-3410. (other warden job title is head warden of PNK.C.C.)

Def. ~~Nedick is an I.D.O.C. employee was(Chief Administrative Officer) over~~
~~all Menard C.C. disability programs and services concerning the events herein. He~~
~~is legally responsible as overseer of the overall operations of Menard C.C. facility~~
~~His address is 711 Kaskaskia Street Menard,IL. 62259.~~

~~Def. Coleman employee of the I.D.O.C. is a correctional officer within Menard C.C..~~
~~Def. Coleman is legally responsible for the safety and welfare of Plaintiff. It~~
~~was Def. Coleman responsibility to assure Plaintiff was escorted to outdoor yard,~~
~~at the scheduled time. As Plaintiff was under his assigned care at all times~~

~~during this complaints events; throughout eight weeks of exercise denial on and in~~
~~housing unit North II, C-Wing within Menard C.C.'s old psychiatrie hospital. His~~
~~address is 711 Kaskaskia Street,Menard IL. 62259.~~

~~Def. ████████ an I.D.O.C. employee,one of various counselors within Menard C.C.. Def.~~
~~Goforth is legally responsible for the initial investigation concerning Plaintiffs~~
~~A.D.A. WELFARE GRIEVANCES RESPONSES she provides. Her address is 711 Kaskaskia Street~~
~~Menard,IL. 62259.~~

~~Def. █████, ████████████ an I.D.O.C. employee one of various counselors within~~
~~Menard C.C.. Def. █████ is legally responsible for the initial investigation~~
~~concerning Plaintiffs A.D.A. WELFARE GRIEVANCES RESPONSES she provides. Her address~~
~~is 711 Kaskaskia Street Menard,IL. 62259.~~

Def. Gay Flatt an I.D.O.C. employee one of various within PNK.C.C. . Def. Flatt
is legally responsible for the initial investigation concerning Plaintiffs A.D.A.
WELFARE GRIEVANCE RESPONSES,HE SOMETIMES PROVIDED BY SOMETIMES NOT RETURNING
PLAINTIFFS A.D.A. AND OTHER GRIEVANCES AT ALL. His address is 5835 State Route 154
Pinckneyville,IL. 62274-3410.

Def. K. ███ Deen an I.D.O.C. employee is PNK.C.C. Grievance Officer responsible
for providing"after investigation" the final response to Plaintiffs grievances at
the PNK.C.C. institutional level. Concerning Plaintiffs herein events that gave
rise to the herein claims. Her address is 5835 State Route 154 Pinckneyville IL.
62274-3410.

Def. Patrick Keane an I.D.O.C. employee is the head administrative office A.D.A.
Coordinator  over ALL and each I.D.O.C. facility within the State of Illinois.
pursuant to the Federal U.S. Department of Justice mandate 28 C.F.R. §35.104. Def.
Keane is legally responsible for assuring ALL I.D.O.C. facilities which house A.D.A.
inmates in their custody ARE in compliance with Title II 42 U.S.C. §12132 (a)(b)
and the Rehabilitation Act of 1973 29 U.S.C. §701-§794; for which I.D.O.C. receives
Federal Grant Funds For. His address is 1301 Concordia Court Springfield,IL.62794.

Def Thomas Spiller is an I.D.O.C. employee and the head warden over ALL the events herein that give rise to the claim(s) herein. Also the head warden of Plaintiffs present place of confinement PNK.C.C.. Def. Spiller is legally responsible for all herein events that are as stated herein this complaint; as he is responsible for the final institutional level response to Plaintiffs A.D.A. grievance issues/claims. For denying Plaintiff compliance with A.D.A. disability exercise accommodations for receipt of beneficial and meaningful exercise. Thus caused irreparable injury to Plaintiff. His address is 5835 State Route 154 Pinckneyville,IL. 62274-3410.

Def. I.D.O.C. is the Illinois Department of Corrections "entity" that is sued in it's official capacity. As the federal funds are received by the I.D.O.C. and it's State actor employee's are and were suppose to use the funds in compliance with the U.S. Department of Justices grant stipulation. But the I.D.O.C. has not done so at all times during this complaint,and outside of this complaint still failing intentionally to apply the funds to accommodate Plaintiffs disability. Def. I.D.O.C's address is 1301 Concordia Court Springfield IL. 62794-9277.

Def. Wilson is an I.D.O.C. employee,and was (a/w) assistant warden of programs A.D.A. coordinator at PNK.C.C. at all times throught particular events herein. Def. Wilson was legally responsible for Plaintiffs welfare and safety during events herein . His address is now 1301 Concordia Court Springfield IL. 62794-9277.

Def. Dunlam is an I.D.O.C. employee at Menard C.C.. A correctoinal officer Lieutenant Supervisor legally responsible for Plaintiffs welfare and safety during particular events herein. His address is 711 Kaskaskia Street Menard IL. 62259.

Def Christine Brown is a Wexford Health Care employee by contract working at PNK.C.C. as it's Health Care Administrator. She is legally responsible for denying Plaintiff an A.D.A. accommodating "SPORT" wheelchair. As per Plaintiffs grievance (herein) said chair is need to accommodate for cardio "IF" track will be repaired. She is ALSO legally responsible for Plaintiffs welfare and safety here in PNK.C.C.. Her address is 5835 State Route 154 Pinckneyville IL. 62274.

Def. Michael Edwards is an I.D.O.C. employee (A/w) assistant warden of A.D.A. programs at PNK.C.C.. Def. Edwards Replaced (a/w) WILSON.Def. Edwards is legally responsible for getting A.D.A. Compliance officer Administrations Def. Patrick Keene to provide disability accommodations such as free weights (like all the other medium and maximum facilities have EXCESS abundance of) and repair wheelchair cardio track-padded fingerless (as use to) gloves-sport (lower center of gravity) wheelchair(s),dip-bar and pull-up bars that are wheelchair accessible. Ohh, and wheelchair accessable card tables on yard and in gym and dayroom.

But, Def. Edwards intentionally is deliberately indifferent to Plaintiffs need for accommodation in compliance with Title II and 1973 Rehabilitation Act etc.. Def. Edwards is legally responsible for providing A.D.A. accommodations for Plaintiffs welfare and safety concerning the events herein this complaint per his grievance response of intentional indifference AS THE OTHERS CAUSING INNOCENT,NEEDLESS SUFFERING. His address is 5835 State Route 154 Pinckneyville IL. 62274-3410.

### STATEMENT OF FACTS

Prior to Plaintiffs incarceration in the I.D.O.C. Plaintiff was diagnosed with a severe back impairment and radiculopathy (which is defined as a disease of the nerve roots and/or compression of the spine) also receiving disability benefits prior to all incarceration.

~~Plaintiff was intentionally denied the fresh air of the recreation by Def.I.D.O.C.
at Menard C.C. by Def. Cushman,Def.Goforth(someone made up the policy),Def. Durham,
Def. Hulich due to Plaintiffs A.D.A. status, as the policy ONLY injured-effected
wheelchair-bound disable inmates and ONLY AFTER GRIEVANCES WERE WRITTEN was the
policy invented and placed into affect. Thus the aforementioned Defendants in this
paragraph retaliated against Plaintiff (and other disabled) for exercising Plaintiffs
First Amendment U.S.C. Right to the I.D.O.C. grievance process and access to the
courts. Policy done to deter complaint.~~ This paragraphs aforementioned Defendants
knowingly and intentionally deprived Plaintiff of his Title II 42 U.S.C. §12132(a)(b)

~~42 U.S.C. §12101,Rehabilitation Act of 1973 U.S.C. First and Fourteenth Amendment~~
~~Rights.;done by the policy of "if less than 10 inmates want yard, it is policy not~~
~~to have it. However once 10 want yard it is made up on what is ordinarily is not a~~
~~yard day. See,all the NON-A.D.A. inmates were out on scheduled yard. Where A.D.A.~~
~~was to be allowed also BUT INSTEAD~~ DISCRIMINATED AGAINST on April 14,2008
~~continuously throughout May 26,2008; and again on June 16,2008. The Defendants lied,~~
~~as there was and is no make-up yard day/time for inmates whom refuase scheduled yard.~~

Menard C.C.'s Def. Butler along with I.D.O.C. Def.,and it's Def.Keane-A.D.A.
compliance officer(A.D.A. facilities coordinator) did attend Plaintiffs preliminary
injunction hearing,via. tele-video. Plaintiff was transported from Menard C.C. and
appeared in person at the 09-c-347 JPG-PMF hearing in Benton Illinois,Judge Phil
Gilbert presiding.

Defendant Butler testified that Menard C.C. does not possess any exercise equipment
that would accommodate an inmate in a wheelchair,such as Plaintiff. That Plaintiff
would be transferred to PNK.C.C. upon completion of Plaintiffs Menard C.C. stay.
After Plaintiffs Menard C.C. stay was complete Def. Butler in retaliation for the
Plaintiff exercising his U.S.C. First Amendment access to the Courts knowingly
and intentionally refused to timely transfer Plaintiff to PNK.C.C..
(See Ex.A page 1 of 1).

Def. Keane testified that Plaintiff would be provided proper A.D.A. disability
accommodations to aquire beneficial and meaningful exercise once Plaintiff is
relocated within PNK.C.C..

Judge Phil Gilbert denied Plaintiffs preliminary injunction request of necessity
for reason of claimed safety and security. Furthermore judge Gilbert instructed
Plaintiff to repeatedly push himself off a cell wall for in cell wheelchair
exercise until transferred to PNK.C.C..

On March 21,2013 Plaintiffs prior 09-c-347 JPG-PMF attorney completed a deposition
of Def. I.D.O.C.'s A.D.A. compliance officer Def. Keane. Where Def. Keane recklessly

recklessly stated THE DEPARTMENT OF CORRECTIONS DOES NOT HAVE AN OBLIGATION TO ENSURE THAT WHEELCHAIR BOUND OFFENDERS COULD ACCESS OR USE THAT PULL-UP BAR;3/21/13. See deposition "Marc Norfleet v. Roger E. Walker et al.(Def Keane Dep.09-c-347.. (EX. B ) QUOTE:

    Q. February 1st of 2012 did you obtain your current job position?

    A. Yes.

    Q. And that title is Department of Corrections statewide A.D.A. coordinator?

    A. Compliance officer,and I'm also the programs compliance officer for the office of programs and support and services.

    Q. I don't want to misspeak. Is it A.D.A. compliance officer or just compliance officer?

    A. Americans With Disabilities Act compliance officer.

    Q. And programs-

    A. -compliance officer

(Ex.B pg.9 lines 2-15)

and

    QUOTE:

    Q. Thats a very good question. Does the Department of Corrections at least have to look and see if a reasonable accommodation could be made?

    A. For?

    Q. A wheelchair inmate that wants to participate in soccor.

    A. No

    Q. And why not?

    A. Because as I stated previously,the only thing the Department of Corrections provides is access to recreation. What the person does with it at that point and time. Now unfortunately,we do have offenders that are in wheelchairs,as their body decides their limitations,not the

Department of Corrections. And I mean that unfortunately. It's a very sad thing.

Q. I want to ask this one other way because I want to make sure that I understand what you are saying. At a lot of the facilities in the yard their exist pull-up or chin up bars. You familiar with that term?

A. I'm familiar with it yeh.

Q. From what you have just told me previously the Department of Corrections does not have an obligation to ensure that wheelchair-bound offender could access or use that pull-up bar?

A. During recreation time I believe so  yes.

(Ex.B pg.47 lines 2-24 & pg.48 lines 1-3)

Thus it's clear from the above quote,that Def. Keane has knowingly and           intentionally retaliated against Plaintiff;"by (inference based on all the herein grievance replies) deliberately instructing ALL I.D.O.C. facilities A.D.A. (a/w) assistant warden's -- A.D.A. coordinators over programs-activities which house Plaintiff such as PNK.C.C.,That they are NOT OBLIGATED by 42 U.S.C.§12132 (a)(b) and the Title II of the A.D.A. or Rehabilitation Act of 1973 28 U.S.C.§794. to attempt to make disability accommodations for Plaintiff to receive beneficial and meaningful exercise.As a result of this on going continuous pattern of intentional retaliation Plaintiffs physical injuries (stated further on herein ) continue to become worse. Permanent Shoulders injury PAIN ALWAYS and limited range of motion, constiparion,stomach cramps,migraine headachs are what Plaintiff suffers from due really to Def.'s failure to accommodate Plaintiffs disability over the years AND PRESENTLY in a continuous PATTERN;resulting in continuous injuries to Plaintiff.

Plaintiff had to write a formal grievance in order to motivate Def. Butler to keep her word from the Benton Court hearing. As Def. Butler did not keep her word, but instead intentionally held Plaintiff in Menard C.C. beyond his scheduled

release date in retaliation for her having to appear at Plaintiffs preliminary

injunction hearing. As seem stated in the following attached grievance quote,

after Plaintiff arrived in PNK.C.C..

    QUOTE:

    Today on the above date I was unable to attend the once per week
PNK. one hour per week claimed A.D.A. gym do to not being issued a
movement pass.
    Dispite I'm unable to utilize any of the exercise equipment, I
should be allowed to attend A.D.A. gym five hours per week to try
to get access to the one card table.

    Relief Requested: Please issue me an A.D.A. gym pass 5 times per
week for 5 opportunities to attend 1 hour sessions, or 1 pass per
week to attend 1 - 5 hour session. "At least issue a pass to me"

(Ex.C pg.1 of 3).

    QUOTE:
[Def.]]A/W Wilson A.D.A. Coordinator indicated grievant is offered yard
7 hours per week and has access to A.D.A. gym line that is offered
once per week therefore grievant has been provided with appropriate
amount of access for recreaion.
[Def.]D. Gaetz concurred with A/W Wilsons ,by check-mark and signature
on grievance officers grievance response page.

(Ex.C pg.2 of 3).

    QUOTE:
    It appears you were left off the list.[Def.Benton and Def.Godinez]

(Ex.C pg.3 of 3).

While in Pinckneyville Plaintiff wrote another AWARENESS grievance 42 U.S.C.§12132.

dated March 28,2013.

    QUOTE:
    I'm unable to access Pinckneyville Correctional Centers Pull-up-
-Dip Bars,cardio wheelchair exercising Track on the third yard,Gyms
individual weight baring exercising machines,handball court &
basketball court,track due to moving in and out of wheelchair
aggrivates medical condition AND due to no sport wheelchairs
provided by PNK.C.C. for anti-tipping over upon aggressive
movements - attempting to participate in beneficial and
meaningful exercise similar to the non-disable. And thus no
gym schedule Equal To Non-Disable yard schedule.

    Relief Requested:Please provide access to beneficial & meaningful
exercisie equipment & an equal accommodating schedule to do so.

(Ex.D pg.1 of 3).

QUOTE:
[Def. ]A/W Wilson A.D.A. Coordinator indicated grievant is offered yard 7 hours per week and has access to A.D.A. gym line that is offered once per week, therefore grievant has been provided with the appropriate amount of recreation. Additional A.D.A. equipment has been ordered for yard/gym activities.

[Def. ]C. Brown HCUA indicates that wheelchair provided to grievant meets A.D.A. standard for use in I.D.O.C. facility.

[Def. ]D. Gaetz concurred with Def. Wilson and Def. Brown, by check-mark and signature on grievance officers grievance response page.

(Ex.D pg.2 of 3).

QUOTE:
Can't effectively use gym equipment; A.D.A. gym schedule - Dates of incidents not cited.[Def. Benton and Def. Godinez]
(Ex.D pg.3 of 3).

While in Pinckneyville Plaintiff wrote another AWARENESS grievance 42 U.S.C.§12132, dated September 06,2013 of which PNK.C.C. Def.'s refused to answer by falsely stating duplicate grievance to the previous herein quoted and attached "4-1-13" Ex.D and another (which the prison has not supplied adequate access time to excess legal boxes). As the Court can see it's not a duplicate topic. It's not answered in retaliation intentionally for filing this claim. Defendants refuse to accommodate.

QUOTE:
Previously I've written numeruos request slips to warden Mr. Donald Gaetz & Counselor informing them that the track yard (#3 yard) is open. That I attended it on Monday August 26,2013,Sept. 4th & 5th but could not obtain beneficial and meaningful A.D.A. wheelchair cardio exercise. Because the track is full of old hard chunky dirt & mire. Also because I don't have any palm padded gloves like the ones PNK use to issue back before the track yard closed over a year ago. Also because I don't possess a sport low center of gravity wheelchair to avoid flipping upon speed.

Relief Requested: Since request slips were not responded to, I formally request the A.D.A. conseter to contact Springfields A.D.A. counselor & inform him of the abovementioned & the NAME NORFLEET & see if he can get medical Dept. to now once again commence distributing wheelchair PADDED gloves to Avoid Blisters/Pain upon cardio in track yard thats newly reopened 42 U.S.C. §12132(a)(b).

(Ex.E pg. 1 of 1). END QUOTE

While in Pinckneyville Plaintiff wrote another AWARENESS grievance 42 U.S.C.§12132, dated March 24,2014 (still awaiting Def. Benton and Def. Godinez Response)

QUOTE:
I complain that I am unable to utilize the one wheelchair accommodating

pull up bar on the 2 separate 75 minute days it's sometimes made and is available to me outside on the third yard due to my worsening shoulder condition. Phil Gilberts instructions to me to use a wall in the cell and repeatedly push myself off, has not helped my shoulders. My headachs, stomach cramps, sluggishness and often constipation are getting worse due to the denial of wheelchair accommodating exercise equipment. As non-disable are able to run around and utilize all the gym & yard exercise equipment. I can't utilize the exercise equipment because it requires me to experiance more & more & more pain on my RADICULOPATHY chronic condition having to transfer in & out of wheelchair after inflaming condition.

   Relief Requested:Free weights, ie. dumbbell provided as ALL maximum & most medium I.D.O.C. facilities have.

(Ex.F pg. 1 of 2)

      QUOTE:
   [Def.]A.D.A. Coordinator AWP Edwards reviewed grievance and indicated issue
      appears to be a non-A.D.A. issue.

(Ex.F.pg. 2 of 2)

   While in PNK.C.C. (Pinckneyville) Plaintiff wrote another AWARENESS grievance

dated August 15,2014 consisting of two pages and an exhibit copy of Marc Norfleet

v. Roger E. Walker Jr. et al. U.S. Appeals Case No. 11-2137. Handwritten copies

were U.S. mailed to Def. Keane and institutional mail to Def. Edwards on 08/15/14.

      QUOTE:
   ALieutenant suggest I seriously speak to you before I file suit over
   the following. And hay.it's your duty under Federal Law (ie; U.S.
   Department of Justice) to tell on" send your complaint concerning ANY
   of Wexfords contracted Staffs failure to provide adequate A.D.A.
   accommodations here in Pinckneyville to Springfields Mr. Patrick Keane.
   Something you "HAVE NOT BEEN DOING ACCORDING TO KEANES DEPOSITION. You
   called health care & as I said in my medical file PNK.C.C.'s Wexford
   Physician is suppose to prescribe gloves to accommodate FOR USE OF THE
   TRACK YARD TO accommodate  I HAVE BLISTERS AND CAN'T DO CARDIO. See
   Attached Case Norfleet v. Walker thats PENDING". "Hand blisters" I
   want padded Gloves.

(Ex.G.pg. 1 of 4)

      QUOTE:
   In retaliation for filing formal complaints on physician Mr Vipin
   Shah and Health Care Administrator Mrs. Christine Brown I presently
   plan on filing in Federal Court and for return of the funds I was
   and am forced to pay- in State Court.
   I'm the Only Wheelchair Bound/A.D.A. inmate whom is forced through
   pain to have to pay $5.00 Nurse Sick Call fee EVERYTIME MY A.D.A.
   Nerve Pain.Muscle Spasm.swelling CONDITION ACCOMMODATING Medications
   expire.
   The law states that chronic conditions (ie long term elements) are

12 of 17

'exempt from the $500 N.S.C. Co-pay. So Mrs. Brown told me in writing
that since the physician only prescribes shot term pain medication
that (if & once my chronic pain becomes unbarable) I must pay $5.00
for my Disability accommodating medication to be renewed &/or
dispensed to me.
  So far this has happened about $40.00 of &5.00 charges worth  I want
the money refunded & to be placed on chronic pain clinic like EVERY
OTHER WHEELCHAIR Bound inmate that see's to it their accommodation
medication doesn't expire.    2 of 2    Non-formal Letter
                                          Truly

(Ex.G.pg.2 of 4)

        QUOTE:
        Norfleet v. Walker cite as 684 F.3d.688  Marc Norfleet (submitted).
        Pinckneyville.IL. pro se Before POSNER MANION. and KANNE. Circuit
        Judges

        POSNER.Circuit Judge    Vacated and Remanded
        2. Civil Rights 1098.1395(7)

        Illinois state prisner.preceeding pro se stated claim against
several prison employees under Rehabilitation Act.regardless of
whether the Americans with Disabiliies Act (ADA).under which
prisoner nominally brought his claim.was available to him.by
alleging that he was wheelchair-bound and that he was denied
recreation time due to his disability.and he sued employees
in their official capicities.such that suit was really against
state agency and one that received federal assistance  Rehabilitation
Act of 1973.§§ 7(9)(B). 504.29 U.S.C.A.  §§ 705 (9)(B).794;Americans
with Disabilities Act of 1990. § 3 (1)(A). 42 U.S.C.A  § 12102(1)(A).

(Ex.G.pg.3 of 4)

        QUOTE:
        A recommended aerobic sport can be wheelchair racing. The benefits of
this activity are that you can perform the race at your own pace  Wheel-
chair racing can be done by pushing your wheelchair on a running track
or in a neighborhood. Start out each workout with light intensity to
warm up the muscles. As you feel more comfortable add more intensity to
the workout by racing at a faster pace"

Ex.G.pg.4 of 4

  Def. ████████.Def.████████.Def.Flatt and Def. Dean knowingly and intentionally

sabatoged many of Plaintiffs I D.O.C. formal grievances regarding failure to

accommodate Plaintiffs disability condition regarding exercise.and alsomedical care.

Thus recklessly depriving Plaintiff of his U.S.C  First Amendment Right to Full and

Complete access to the Courts. As a result of the sabotage of many of Plaintiffs

grievances by the Defendants stated within this paragraph Plaintiff now suffers the

inability to prove that Def. I.D.O.C. Def. Godinez. Def. Benton. Def. Spiller. Def. Gaetz

Def. Edwards. DEF. PATRICK KEANE Def. Brown "HAVE NOT ORDERED (any), ANY, A - N - Y ,

a - n - y  disable wheelchair-Bound A.D.A. disability accommodating exercise NEEDED

equipment in compliance with Federal Law- U.S. Dept. of Jostice MANDATE. et cetra

As over three years ago Def. Patrick Keene stated durring the preliminary

inunction hearing that he would see to that the necessary disability accommodations

would be made. Yet in Def. Keanes deposition he states exactly what he is telling

his subordinates: That ALL the I.D.O.C. facilities have to do is provide access

to the recreation yard/gym and what a disable inmate does with that time is

limited by their/Plaintiffs disability is up to the individual. That Def. PATRICK

KEANE NOR ANY OF HIS I.D.O.C. A.D.A. FACILITY COORDINATORS HAVE ANY OBLIGATION

TO HONOR AN INMATES REQUEST FOR I.D.O.C. staff to attempt to accommodate Plaintiffs

disability to possibly be able to utilize ANY exercise equipment.

## MEMORANDUM OF LAW

QUOTE: To prevail on his First Amendment retaliation claim. Plaintiff
must show that "(1) he ingaged in activity protected by the
First Amensment; (2) he suffered a deprivation that would
likely deter First Amensment in the future; and (3) the First
Amendment activity was 'at least the motivating factor' in
the decision to take the retaliatory action". Bridges v. Gilbert
557 F. 3d. 541.546 (7th Cir. 2009) (quoting Woodruff v. Mason.
542 F. 3d 545.551 (7th Cir. 2008): Gomez v. Randle. 680 F. 3d. 859
.866 (7th Cir. 2012). If Plaintiff makes a threshold showing
Defendants must show that they took action for a legitimate
reason. Plaintiff must then offer evidence that the purported
legitimate reason for the adverse action is untrue. Thaver v.
Chiczewski. 705 F. 3d. 237.252 (7th Cir. 2012)

Ex. H pg. 1 of 1)

## PRELIMINARY INJUNCTION

Plaintiff moves this Court pursuant to F.R.C.P. Rule 65 for the issuance of a

preliminary injunction against all herein Defendants this Court deems necessary.

An injunction ordering the necessary herein Defendants to get in compliance with

U.S. Dept of Justice 28 C.F.R. §35.104. Title II 42 U.S.C. §12101-§12132 (a)(b)

29 U.S.C. §794 of the Rehabilitation Act of 1973  and U.S. Court of Appeals Case

No.11-2137 Marc Norfleet v. Roger E. Walker Jr. et al. Get in complaince by ordering necessary Defendants . such as Def. I.D.O.C. and Def.Godinez.Def. Keane to provide Plaintiff with beneficial and meaningful exercise and an exercise schedule at least equal to the non-disabled inmates to utilize the possible purchased.repaired replaced.modified A.D.A. disability accommodating exercise equipment to accommodate Plaintiffs disable recreation esential life necessity.NOW. As Case 11-2137 states Def. I.D.O.C. receives Federal finicial assistance See. 28 U.S.C. §2283-§2284 See Guardians Ass'n v. Civ.Serv. Com'n of City of N.Y. 463 U.S. 582 at633.103 S.Ct.3221 at3248 QUOTE:

> The obligation to comply with the law attached at the time
> respondents agreed to take federal money.not when the District
> Court concluded that Respondents had violated the law. 

Plaintiff seeks the Defendants to APPLY the Federal Grant Funds to be utilized to RETURN the free weights (transportation cost) back to PNK.C.C. from the excess in Dixon C.C. AND/OR (their choice) Big Muddy C.C.. repair PNK.C.C; repair of the wheelchair cardio track in the track yard.and re-prescribe (Def.Brown) fingerless padded (GRIP) leather track gloves.and purchase sport wheelchair's; purchase or make accessible dip-bars and accessible pull-up-bars;purchase wheelchair accessable card tables for yard and gym (so non-disable and wheelchairs .a mix of four can fit at table.   Appoint a Special Master to assure Defendants properly comply and timely comply with this Court preliminary injunctive order. As Plaintiffs present abovementioned internal injuries are slowley KILLING Plaintiff, painfully so..PLEASE.

PERMANENT INJUNCTION

Plaintiff seeks an eventual permanent injunction. Plaintiff seeks this Court or it's jury to award all and everything requested in the abovementioned preliminary injunction;But, expand the request to include ALL I.D.O.C. facilities to have to obtain and provide the abovementioned exercise equipment.for ALL I.D.O.C. facilities to end up in compliance with Title II of the A.D.A. 42 U.S.C.§12101-§12132(a)(b). (b) of which incarcerate/house wheelchair bound inmates.

### DECLAROY JUDGMENT

Plaintiff moves this Court pursuant to F.R.C.P. Rule **57** for declatory judgment pursuant to Title 28 U.S.C. §2201(per rules 38 &39 -???). Plaintiff seeks this Court to clairify for ALL parties hereto what being in compliance with Title II of the(A.D.A.) American Disability Act or is it Americans with Disabilities Act; additionally what compliance with the Rehabilitation Act of 1973; 42 U.S.C.§12101 -12132(a)(b) & 29 U.S.C. §794. Also clairify what compliance with **28** C.F.R.§35.104 entails for Defendants to do so..

### EXHAUSTION OF LEGAL REMEDIES

Plaintiff has exhausted the institutional grievance process as seenaforequoted herein this amended complaint in accordance with F.R.C.P. Rule 1997 (e). The Seventh circuit has held in Ford v. Johnson et al 362 F. 3d. 95 (7th Cir.2003) The I.D.O.C.'s unjustified failure to comply with the code and timely respond to Fords grievances caused his remedies to become unavailable under Sec. 1997 (e). The I.D.O.C. should not be given unfettered discretion in administering the grievance process and controlling inmates Constitutional rights.

### FEE"S AND COURT COST

Plaintiff request to be awarded ALL fee's and Court cost associated with this entire 42 U.S.C.§1983 Court action from it's beginning to it's end from Defendants in full.

### COMPENSATORY DAMAGES

Against Def. GONINEZ in his official capacity award compensatory damages in an amount of $2,000,000 per intentional Title II U.S.C. 1st & 14th & 8th Amend. Deprivations abovementioned present PAIN & SUFFERING.

Against each of the following Defendants separately award from each individual up to and including $2,000,000 for intentionally depriving Plaintiff of his Title II-A.D.A..U.S.C 1st and 14th & 8th Amend. rights causing permanent physical

injury to Plaintiff. from Defendants. GODINEZ.BENTON.BUTLER.GAETZ.█████████

FLATT.DEAN.KFANE.SPILLER.IL  DEPT OF CORR'S.WILSON.█████ BROWN.EDWARDS..

## PUNITIVE DAMAGES

Against each of the following Defendants separately award from each individual

up to and including $2,000,000 for intentionally depriving Plaintiff of his

Title II-A.D.A. U.S.C. 1st and 14th & 8th Amend rights causing permanent physical shoulder

injury to Plaintiff from Defendants GODINEZ.BENTON.BUTLER.GAETZ.████████ ████████

FLATT.DEAN.KFANE.SPILLER.IL  DEPT OF CORR'S WILSON.███████.BROWN.EDWARDS.

1. The 14th Amendment's Due Process clause and it's Equal protection of the laws clauses.

2. The 8th Amendment's Cruel and unusual punishment clause.

3. The 1st Amendment's right to access to the Courts for redress of grievances.

## AFFIDAVIT/PROOF OF SERVICE

I. Marc Norfleet Pro-se Marc Norfleet have read the foregoing amended
complaint and hereby verify it's facts to be true to the best of Plaintiffs belief
upon Plaintiffs sworn oath pursuant to 18 U.S.C. §1621. I further declare under
penalty of perjury that I have mailed an original copy of this amended complaint
to this Court at U.S. District Court .Southern District Court of Illinois.Melvin
Price Federal Building & U.S. Courthouse 750 Missouri Avenue. East St. Louis IL.
62201. And one copy of this amended complaint has not mailed to Defendants
Attorneys office to: Illinois Attorney Generals Office. ATTN: Lisa Madigan No.
10-c-626 (10-c-626) 500 South Second Street Springfield IL. 62706.by placing a
copy  in the institutional mail for the prison staff to add postage and place
all copy  in the U.S. Mail on this 08 day of February .2015

Clerk Return Correspondence: File Stamped Copy of
Page 1 of this Document To I. Marc Norfleet
at 5835 State Route 154/Box 999     Sincerely. Marc Norfleet
P McKnesville, IL. 62274-3410 PLEASE & Plaintiff is denied ALL law Library copy machine
                                        paper access & thus has No copy to mail Defendants,
As Clerk the Defendants due to their subordinates denying law library access will have to see Courts

301 W. Main Street Benton IL. 62812 website

(618) 439-7760  Judge Phil Gilbert's ct.  electronic
                                            filing cite
And for the record, unbeknownst to Plaintiff as to when,  Please notify
Plaintiff mother received a settlement amount of $26,000 from  Defendants
Plaintiff prior attorney in case No. 04-C-2952, 05-C-0898, 05-C-0926
and 07-C-4407 around May 2008. Mother put $26,000 in her funds & spent it.
Clerk Please in addition Return file Stamped Copy of this original to Plaintiff AND a
Motion For Appointment of Counsel ¹⁷ of ¹⁷ AND A MOTION TO PROCEED IN FORMA PAUPERIS