**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MARC NORFLEET, # R-57214,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-160-JPG** |
| | ) | |
| **SALVADOR A. GODINEZ,** | ) | |
| **SHERRY BENTON,** | ) | |
| **KIMBERLY BUTLER,** | ) | |
| **DONALD GAETZ,** | ) | |
| **GAY FLATT,** | ) | |
| **K. DEEN,** | ) | |
| **PATRICK KEANE,** | ) | |
| **THOMAS SPILLER,** | ) | |
| **IDOC,** | ) | |
| **WILSON,** | ) | |
| **CHRISTINE BROWN,** | ) | |
| **and MICHAEL EDWARDS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is an inmate of the Illinois Department of Corrections, and is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), where he is serving a 59-year sentence for murder. In this *pro se* action, filed on February 12, 2015, he brings claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (42 U.S.C. § 12132) ("ADA"), and the Rehabilitation Act (29 U.S.C. § 705(2)(B)) ("RA"). This matter is now before the Court for a threshold merits review of the complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A.

Before turning to the complaint, however, the Court will address Plaintiff's outstanding request for this Court to order prison officials to provide him with "permanent access to law library open sessions and legal materials" while he has cases pending before the undersigned

Judge (Doc. 16, p. 8; *see also* Docs. 10, 12).

**<u>Law Library Access</u>**

In response to this Court's order at Doc. 14, the Pinckneyville Law Librarian submitted an affidavit (Doc. 15).  In it, she states that Plaintiff had been authorized for weekly library access during 2014 because of a September 5, 2014, court deadline.  He was removed from this "priority scheduling list" on October 15, 2014.  He was issued library passes on October 1, 8, and 15, 2014; he attended only the latter two dates.  The librarian received only one request from Plaintiff for a library pass since that time, which was a request slip dated April 14, 2015.  In response, Plaintiff was issued a library pass on April 24, 2015, to view his excess legal boxes.

Plaintiff objects to this affidavit, asserting that inmates do not have timely library access due to Pinckneyville's policy limiting the number of prisoners permitted to visit the library each week.  He states this policy was an unreasonable response to a hostage-taking incident several years ago (Doc. 16, pp. 3, 7-8).  He further complains that library officials do not recognize court deadlines that arise from procedural rules and statutes, but which are not reflected in a specific court order.  Additionally, he claims that his library request slips are ignored, or possibly never delivered to their destination (Doc. 16, pp. 4-5).

After reviewing Docs. 15 and 16, the Court concludes that a further order with respect to Plaintiff's law library access is not warranted at this time.  In reference to the case at bar, Plaintiff complains that he was not given a library pass after submitting this Court's order at Doc. 14, and that he missed the April 30 deadline to file a Rule 59(e) motion to challenge the order at Doc. 11 denying his motion for substitution of judge.  But Plaintiff does not dispute that he was in fact issued a library pass, and attended law library, on April 24, 2015, albeit in response to a different request.  Further, Plaintiff submitted his objection (Doc. 16) for filing on

April 29, 2015, and could have also submitted a timely Rule 59(e) motion in reference to the denial of his substitution motion at that time. Although Plaintiff missed this Rule 59(e) deadline, the Court notes that the judicial recusal provisions of 28 U.S.C § 455 continue to apply throughout the pendency of this case (*see* Doc. 6).

Plaintiff's other complaints regarding prison officials' failure to respond to his requests for library access all relate to other cases, thus are beyond the scope of the instant action. Despite Plaintiff's statement that he was not given a pass when he notified staff of an April 27, 2015, court deadline in Case No. 14-cv-1408-JPG-PMF, Plaintiff timely submitted his objection to the Magistrate Judge's Report and Recommendations in that case (*See* Docs. 32, 36 in Case No. 14-cv-1408). Accordingly, he was not denied access to the court with reference to that matter. His other concern is an upcoming deadline to file a post-conviction action in the Circuit Court of Cook County. Again, that potential claim is not at issue in the instant case, and is not a proper subject for this Court to address in this action.

Plaintiff is advised that he should continue to submit library requests in accordance with the prison's policies, and may avail himself of the prison grievance procedure if his needs are not met. Further, in this or any other action pending before this Court, if Plaintiff finds himself unable to meet a Court deadline, he may move the Court for an extension in the appropriate case.

**The Complaint (Doc. 1)**

Initially, the Court notes that the instant complaint is virtually identical (with some material crossed out or corrected) to the proposed amended complaint that Plaintiff submitted on October 10, 2014, in *Norfleet v. Ill. Dept. of Corrections*, Case No. 10-cv-626-JPG-PMF (Doc. 86). On November 20, 2014, the Court denied Plaintiff leave to file that amended complaint, because its submission was untimely (Doc. 87 in Case No. 10-cv-626; *see also* Doc. 93). The

sole matter under consideration in Case No. 10-cv-626 is a claim for violation of the Rehabilitation Act, in that Plaintiff was denied access to outdoor recreation for seven weeks (in April-June 2008) while he was confined at Menard Correctional Center (*see* Doc. 1, pp. 18, 35; Doc. 80, p. 3, in Case No. 10-cv-626).

Plaintiff suffers from a severe back impairment and radiculopathy (a disease of the nerve roots and/or compression of the spine) and is confined to a wheelchair (Doc. 1, pp. 1, 6). Due to his physical condition, he had been receiving disability benefits before his incarceration.

In his complaint, Plaintiff notes that he filed two previous actions in this Court in which he raised claims related to his disability and prison officials' refusal to provide him with opportunities for physical exercise; namely *Norfleet v. Benton, et al.*, Case No. 09-cv-347-JPG-PMF (S.D. Ill., filed May 6, 2009; dismissed March 22, 2013); and *Norfleet v. Ill. Dept. of Corrections*, Case No. 10-cv-626-JPG-PMF (filed Aug. 16, 2010; still pending).[1] He states that the Defendants named herein have engaged in a "continuous pattern" of intentionally denying accommodations for his medical condition, and have done so in retaliation for his filing of the above complaints.

Before the dismissal of Case No. 09-cv-347, a hearing was held in that case to consider Plaintiff's request for a preliminary injunction (Doc. 1, p. 2). Menard Warden Kimberly Butler and ADA Coordinator Patrick Keane (both named as Defendants herein) testified that Plaintiff (who at the time was in Menard) would be transferred to Pinckneyville, which was ADA-compliant and would be able to accommodate his needs for exercise. However, Plaintiff asserts, Pinckneyville is not in fact in compliance with the RA. As a result of this non-compliance and

---

[1] As noted in the discussion above on Plaintiff's law library access, he has a third prior case in this Court, *Norfleet v. Shah, et al.*, Case No. 14-cv-1408-JPG-PMF (filed Dec. 22, 2014), which is still pending. The sole issue under review in that action is Plaintiff's claim that Defendants changed the policy regarding refills of prescriptions for inmates with chronic pain, which subjected him to cruel and unusual punishment because he has been deprived of sufficient pain medication.

his inability to exercise, Plaintiff's shoulder pain "has reached the point of no return" (Doc. 1, p. 2).  Despite his many complaints and grievances, he has continued to be denied access to facilities and equipment that would allow him to engage in physical exercise similar to what is available to non-disabled inmates.

Plaintiff raises several claims herein.  First, he asserts that Defendant Menard Warden Butler intentionally delayed his transfer to Pinckneyville, in retaliation for his litigation activity (Doc. 1, p. 7).

He next claims that Defendant Keane (ADA compliance officer for the IDOC) retaliated against Plaintiff for involving him in the proceedings in Case No. 09-cv-347, by deliberately instructing the ADA coordinators at all IDOC facilities (including the prisons where Plaintiff has been housed) that they are not obligated by the ADA or RA to make disability accommodations that would allow Plaintiff to "receive beneficial and meaningful exercise" (Doc. 1, p. 8-9).  He specifically points to Defendant Keane's testimony that the IDOC does not have the obligation to make their pull-up or chin-up bars accessible to wheelchair-bound inmates.

Once Plaintiff arrived at Pinckneyville, he was not given passes to attend the gym, where he notes he would be unable to use the exercise equipment even if he had a pass (Doc. 1, p. 10).  Defendant Wilson (Pinckneyville ADA coordinator) responded to Plaintiff's grievance by stating he has appropriate access to recreation because he is offered yard for seven hours each week, and may access the ADA gym once per week.  Defendants Gaetz, Benton, and Godinez concurred with the denial of Plaintiff's grievance over this matter (Doc. 1-1, pp. 28-30).

In March 2013, Plaintiff submitted a grievance complaining that he could not access the pull-up-dip bars, cardio wheelchair exercise track, exercise machines, handball court, or basketball court, because he could not move in and out of his wheelchair without aggravating his

medical condition, and because he had not been provided with a sport wheelchair that would protect him from tipping over (Doc. 1-1, p. 31-33).  Defendant Wilson responded that Plaintiff had sufficient access to recreation, and Defendant Brown stated that his wheelchair met ADA standards (Doc. 1, p. 11).  Defendants Gaetz, Benton and Godinez concurred in the denial of the grievance.

By September 2013, Plaintiff states he had submitted numerous request slips to Defendant Pinckneyville Warden Gaetz, complaining that although the wheelchair cardio track was reopened, it was unusable because it is "full of old hard chunky dirt and mire" (Doc. 1, p. 11; Doc. 1-1, p. 34). Also, Plaintiff did not have any padded gloves, which the prison had previously issued, and he needed a sport wheelchair for safety.  His grievance over these issues was deemed to be a duplicate.

During 2014, Plaintiff continued to complain about the lack of disabled-accessible exercise equipment/facilities.  He was unable to use the pull-up bar because of his painful shoulder condition.  His request for free weights as an alternative to the pull-up bar was denied (Doc. 1-1, pp. 35-36).  He developed blisters, but was never prescribed padded gloves to allow him to use the wheelchair track yard (Doc. 1, p. 12; Doc. 1-1, p. 37).

As a result of the ongoing failure to accommodate Plaintiff's disability with respect to his need for meaningful physical activity to maintain his health, he has suffered a worsening of his shoulder injury, pain, limited range of motion, constipation, stomach cramps, and migraine headaches (Doc. 1, p. 9).

Plaintiff filed complaints against Dr. Vipin Shah (who is not a named Defendant herein) and Defendant Brown (Health Care Administrator), and claims they have retaliated against him. He asserts he is the only wheelchair-bound/ADA inmate who is made to pay a $5.00 co-payment

each time his disability-related pain medications expire.  Because he suffers from chronic pain, he should be placed on the "chronic pain clinic" like all other wheelchair-bound inmates so that his medications don't expire and so that he will be exempt from the co-payment.

He claims that Defendants Flatt (Pinckneyville ADA investigator) and Dean (Pinckneyville grievance officer) "knowingly and intentionally sabotaged" many of his grievances over the failure to accommodate his need for exercise, and regarding medical care (Doc. 1, p. 13).  As a result, he has been denied access to the courts, and cannot prove that Defendants Godinez, Benton, Spiller, Gaetz, Edwards, Keane, and Brown have failed to order any of the exercise equipment needed to comply with ADA requirements.

As relief, Plaintiff seeks a preliminary and permanent injunction ordering Defendants to comply with the ADA and the Rehabilitation Act, by providing him with "beneficial and meaningful exercise and an exercise schedule at least equal to the non-disabled inmates" (Doc. 1, p. 15).  He enumerates several specific demands, such as returning free weights to Pinckneyville, repairing the wheelchair cardio track, and re-prescribing padded gloves.  He also seeks declaratory relief, and compensatory and punitive damages, for violations of the ADA and of his First, Fourteenth, and Eighth Amendment rights (Doc. 1, pp. 16-17).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton*, 209 F.3d

1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:**  Retaliation claim against Defendant Butler, for delaying Plaintiff's transfer from Menard to Pinckneyville because she was required to testify in *Norfleet v. Benton*, Case No. 09-cv-347-JPG-PMF;
>
> **Count 2:**  Retaliation claim against Defendant Keane, for instructing officials at Pinckneyville and other prisons that they are not required to make accommodations to allow Plaintiff and other disabled inmates to access recreational/exercise equipment and facilities, after he was compeled to testify in *Norfleet v. Benton*, Case No. 09-cv-347-JPG-PMF;
>
> **Count 3:** Claim against the IDOC for violations of the Rehabilitation Act and the Americans with Disabilities Act, in that Plaintiff has been, and continues to be,

unable to access exercise/recreational equipment and facilities at Pinckneyville, including pull-up-dip bars, weight/exercise machines, a usable wheelchair exercise track, handball and basketball courts, and has not been given equipment including padded gloves and a sport wheelchair;

**Count 4:**  Eighth Amendment deliberate indifference claim against Defendants Wilson, Gaetz, Brown, Keane, Edwards, and Spiller, who have failed to provide Plaintiff with accessible exercise equipment and facilities sufficient for him to maintain his physical health;

**Count 5:**  Claims against Defendant Brown for refusing to authorize Plaintiff to receive timely medication refills through the chronic pain clinic;

**Count 6:**   Access to courts claim against Defendants Flatt and Dean, for "sabotaging" Plaintiff's grievances regarding his disability-related claims, thus preventing him from seeking redress in the courts.

Counts 1, 2, 3, and 4 survive threshold review under § 1915A.  Counts 5 and 6, however, shall be dismissed for the reasons discussed below.  Further, Count 1, which involves only Defendant Butler, is subject to severance into a separate case.

## Count 1 – Retaliation – Defendant Butler

Prison officials may not retaliate against inmates for filing grievances, pursuing lawsuits, or otherwise complaining about their conditions of confinement.  *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation.  *Id.*  A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim.  *Id.*  Plaintiff has met this basic pleading requirement with his claim that Defendant Butler delayed his transfer to Pinckneyville because of his litigation activity in Case

No. 09-cv-347.

A prisoner has no right to be transferred to the prison of his choice, so a complaint over a delayed transfer would likely not be actionable in and of itself.  However, if an act is taken in retaliation for the exercise of a constitutionally protected right, then it will support a § 1983 claim.  *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner).

At issue here is whether Plaintiff experienced an adverse action (a retaliatory delay in his transfer) that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in Defendant Butler's decision to take the retaliatory action.  *Bridges*, 557 F.3d at 551.  This is a question that cannot be resolved at the pleading stages of this case.  Thus, the retaliation claim in **Count 1** may proceed for further review.

However, because none of the other claims in this action involve Defendant Butler, Count 1 shall be severed into a separate case.  In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George*, 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).  Plaintiff's claim against Defendant Butler in Count 1 is unrelated to his claims in Counts 2-6, all of which

involve defendants other than Defendant Butler.  The fact that Plaintiff's retaliation claim in Count 2 against Defendant Keane involves separate adverse actions that were also allegedly motivated by Plaintiff's litigation activity in Case No. 09-cv-347 is not sufficient to bind these claims together.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever Count 1 of Plaintiff's complaint, and shall open a new case with a newly-assigned case number for that claim.  However, Plaintiff shall have an opportunity to voluntarily dismiss the newly severed case if he does not wish to proceed on this claim or incur the additional filing fee.

### Count 2 – Retaliation – Defendant Keane

Based on the precedent discussed above, Plaintiff's claim that Defendant Keane retaliated against him for pursuing Case No. 09-cv-347 by instructing prison officials that the ADA did not require them to provide exercise accommodations, also survives threshold review.  This claim may proceed in the instant action, because Plaintiff has stated another cognizable claim against Defendant Keane in Count 4.

### Count 3 – Rehabilitation Act and Americans with Disabilities Act

> In order to make out a prima facie case of discrimination under both the ADA and the Rehabilitation Act, a plaintiff must show:  (1) that he suffers from a disability as defined in the statutes, (2) that he is qualified to participate in the program in question, and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability.  *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005).  The Rehabilitation Act further requires that a plaintiff show that the program in which he was involved received federal financial assistance.  *Id.* at 810 n.2; *see also* 29 U.S.C. § 794(a).

*Novak v. Bd. of Trustees of S. Ill. Univ.*, 777 F.3d 966, 974 (7th Cir. 2015).  The ADA applies to state prisons, *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998), and all such institutions receive federal funds.  *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667 (7th Cir. 2012).

Plaintiff is confined to a wheelchair because of his back impairment and radiculopathy, thus he has a disability as defined in the ADA and RA.  He, like any other prison inmate, is qualified to participate in the recreational activities and use the exercise facilities offered by the prison where he is housed.  He alleges that he is being excluded from participating in recreational/exercise programs, and is denied the benefits of these programs, because of his disability and because of the Defendants' failure to accommodate his disability.  At this stage, he has stated a cognizable claim for relief under both the ADA and the RA, and **Count 3** may proceed for further consideration.

Although Plaintiff has named a number of officials in connection with the factual allegations supporting this claim, the only proper defendant in a claim under the ADA or RA is the state agency (or a state official acting in his or her official capacity).  "[E]mployees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA. *See* 29 U.S.C. § 794(b); 42 U.S.C. § 12131.  *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012).   Plaintiff has included the Illinois Department of Corrections ("IDOC") as a named Defendant herein, and it would be duplicative and unnecessary to include any other individual Defendants in this count, even in their official capacity.  **Count 3** shall therefore proceed against the IDOC only.  This claim shall be dismissed as against all other named Defendants.

## Count 4 – Deliberate Indifference

In a case involving conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause.  First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities" such as food, medical care, sanitation, or physical safety, creating

an excessive risk to the inmate's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Seventh Circuit has recognized that "exercise is no longer considered an optional form of recreation, but is instead a necessary requirement for physical and mental well-being."  *Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001).  Thus, a deprivation of the ability to engage in exercise may rise to the level of a constitutional violation, depending on its duration.  *See also Turley v. Rednour*, 729 F.3d 645, 652-53 (7th Cir. 2013) (plaintiff stated Eighth Amendment claim where cumulative effect of repeated lockdowns deprived him of yard privileges, and cell was too small for physical activity).

The second requirement of an Eighth Amendment claim is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from the prison conditions.  *Farmer*, 511 U.S. at 837, 842.  In other words, the defendant must be aware of facts from which the inference could be drawn that a substantial risk exists, and he also must draw the inference.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  In order to prevail on a deliberate indifference claim, the plaintiff must show that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm.  *Farmer*, 511 U.S. at 842.

Plaintiff's description of his numerous complaints lodged with Defendants Wilson, Gaetz, Brown, Keane, Edwards, and Spiller appear to have put these individuals on notice that he has not been provided with equipment or accommodations that would allow him to engage in physical exercise sufficient to maintain his health.  Plaintiff further alleges that they have failed

to take steps to address his exercise needs, despite being advised that Plaintiff has suffered physical problems due to the lack of exercise, and is at risk for continuing harm. At the pleading stage, Plaintiff's allegations satisfy both the objective and subjective components of a deliberate indifference claim, and he may proceed with **Count 4** against the above-named Defendants.

However, Count 4 shall be dismissed as against Defendants Godinez (IDOC Director) and Benton (of the IDOC's Administrative Review Board). According to the factual allegations in the complaint, their only role in addressing the issue of Plaintiff's lack of access to exercise equipment/facilities was to review the disposition of Plaintiff's grievances, after they had been denied by Pinckneyville officials. There is no indication that Defendants Godinez or Benton had any personal involvement in the decisions (or lack of action) at Pinckneyville regarding Plaintiff's complaints over his inability to engage in meaningful exercise. In order to be held individually liable in a civil rights action, "a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Further, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). The complaint thus fails to state a deliberate indifference claim upon which relief may be granted against Defendants Godinez and Benton.

## Dismissal of Count 5 – Denial of Medication Refills for Chronic Condition

This claim against Defendant Brown is duplicative of the claim that Plaintiff is currently litigating in *Norfleet v. Shah, et al.*, Case No. 14-cv-1408-JPG-PMF. In that case, Plaintiff sought injunctive relief to ensure that his pain medications would be refilled without interruption, because he has a chronic condition. At the time he brought that action, he was experiencing problems because his medications would run out, and he would be required to sign up for a

health care appointment before he could obtain a refill.  This is the same scenario he describes in the instant complaint with respect to Defendant Brown.  Because this identical claim is now under consideration in Case No. 14-cv-1408, judicial economy dictates that there is no need to include it in the instant case.  **Count 5** will therefore be dismissed from this action, without prejudice to Plaintiff's ability to pursue this claim in Case No. 14-cv-1408.

In his allegations with reference to this claim, Plaintiff suggests that Defendant Brown (and Defendant Shah, who is a party in No. 14-cv-1408 but not here), refused to authorize Plaintiff's refills as a "chronic pain" patient, as an act of retaliation for his complaints over his medical care.  He also hints at a possible equal protection claim in connection with these facts.  If Plaintiff seeks to pursue such claims against Defendant Brown, the appropriate vehicle to do so would be a motion for leave to amend the complaint in Case No. 14-cv-1408.  Nothing herein should be construed as an opinion regarding the merits of such a potential motion.

### Dismissal of Count 6 – Access to Courts

Prisoners have a fundamental right of meaningful access to the courts.  *Bounds v. Smith*, 430 U.S. 817 (1977).  Violations of that right may be vindicated in federal court, *e.g.*, in a civil rights action pursuant to 42 U.S.C. § 1983.  However, an inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded.  *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996).  To state a claim, a plaintiff must explain the connection between the defendants' improper conduct and "an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions."  *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).  In order to sustain a claim for denial of access to the courts, the defendants must have caused some detriment.  A mere delay is not enough; the prisoner must show actual substantial prejudice to specific

litigation.  *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).  *See also Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987).

In the instant case, Plaintiff claims that Defendants Flatt and Dean "sabotaged" his grievances, thus denying him access to the courts and hampering his ability to prove that other Defendants failed to order ADA-compliant exercise equipment.  According to the complaint, Defendants Flatt and Dean were responsible for investigating and responding to Plaintiff's grievances over the alleged misconduct of other Defendants, but they did not respond to or return these grievances as they should have done.  This alleged mishandling of his grievances may be relevant to the matter of whether Plaintiff has exhausted his administrative remedies through the prison grievance process, or may suggest that this process was unavailable to him.  *See* 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008).  However, those questions are not currently before the Court.

The fact that Plaintiff has succeeded in bringing the instant action belies his claim that he has been denied access to the courts.  At this stage, it appears that Plaintiff would have other means available to obtain proof of the alleged violations of the ADA and RA, aside from the improperly-handled grievances.  Thus, no detriment to his ability to pursue his claims is apparent from the pleading.  Accordingly, **Count 6** shall be dismissed from this action without prejudice for failure to state a constitutional claim.

### Disposition

**COUNT 5** is **DISMISSED** without prejudice as duplicative of Plaintiff's claims that are now proceeding against Defendant Brown and others in *Norfleet v. Shah, et al.*, Case No. 14-cv-1408-JPG-PMF.  **COUNT 6** is **DISMISSED** without prejudice for failure to state a claim upon

which relief may be granted.  Defendants **GODINEZ, BENTON, FLATT,** and **DEEN** are **DISMISSED** from this action without prejudice.

        **IT IS HEREBY ORDERED** that Plaintiff's retaliation claim in **COUNT 1**, which is unrelated to the claims in Counts 2-4, is **SEVERED** into a new case.  That new case shall be: Retaliation claim against **DEFENDANT BUTLER**.

        In the new case, the Clerk is **DIRECTED** to file the following documents:

    (1)       This Memorandum and Order
    (2)       The Original Complaint (Doc. 1)
    (3)       Plaintiff's motion to proceed *in forma pauperis* (Doc. 5)

        Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing within 35 days (**on or before July 14, 2015**). Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he **will be responsible for an additional $350.00 filing fee** in the new case.  Service shall not be ordered on Defendant BUTLER until after the deadline for Plaintiff's response.

        **IT IS FURTHER ORDERED** that the ***only claims remaining in this action are COUNTS 2, 3, and 4, and the remaining Defendants are GAETZ, KEANE, SPILLER, the ILLINOIS DEPT. of CORRECTIONS, WILSON, BROWN, and EDWARDS***.  This case shall now be captioned as: **MARC NORFLEET, Plaintiff, vs. DONALD GAETZ, PATRICK KEANE, THOMAS SPILLER, the IDOC, WILSON, CHRISTINE BROWN, and MICHAEL EDWARDS, Defendants.**

        **IT IS FURTHER ORDERED** that Defendant **BUTLER** is **TERMINATED** from *this* action with prejudice.

        As to **COUNTS 2, 3, and 4**, which remain in the instant case, the Clerk of Court shall prepare for Defendants **GAETZ, KEANE, SPILLER, the ILLINOIS DEPT. of**

**CORRECTIONS, WILSON, BROWN, and EDWARDS**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States

Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 9, 2015**

*s/J. Phil Gilbert*
United States District Judge