UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC NORFLEET,<br><br>    Plaintiff,<br><br>    v.<br><br>SALVADOR A. GODINEZ, SHERRY BENTON, DONALD GAETZ, GAY FLATT, K. DEEN, PATRICK KEANE, THOMAS SPILLER, IDOC, WILSON, CHRISTINE BROWN and MICHAEL EDWARDS,<br><br>    Defendants. | Case No. 15-cv-160-JPG-SCW |

## MEMORANDUM AND ORDER

**I.     Report and Recommendation**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 78) of Magistrate Judge Stephen C. Williams recommending that the Court deny plaintiff Marc Norfleet's motion for a preliminary injunction ("PI") (Doc. 51). Norfleet has objected to the Report (Doc. 80).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This case arose after Norfleet, a wheelchair-bound inmate housed at Pinckneyville Correctional Center ("Pinckneyville"), became dissatisfied with the exercise opportunities he had at the prison. Magistrate Judge Williams held a hearing on Norfleet's pending motion for a PI on

March 10, 2016, and April 15, 2016. At the first session of the hearing, Magistrate Judge Williams determined that Norfleet's PI motion really boiled down to a request for access to free weights that he could swing from his arms while sitting in a chair, because even if he had access to all the exercise machines at Pinckneyville, he would be unable to use the machines because of his disability and the pain using the machines would cause him. Magistrate Judge Williams consulted Norfleet's medical records, including records of physical therapy designed to increase Norfleet's upper body range of motion, and saw that free weights were not indicated for his condition but that range of motion and independent exercise were.

    Magistrate Judge Williams concluded that Norfleet had failed to carry his burden of showing he had a likelihood of success on the merits of his claim under the Americans With Disabilities Act and the Rehabilitation Act. He concluded that free weights are not necessary, or even recommended, for the type of injuries Norfleet has and the condition he is in, and that Norfleet can perform the type of exercise he needs to improve his health without weights. He also noted Norfleet has access to at least part of an ADA-accessible track to push himself around the track for cardiovascular exercise.

    In his objection, Norfleet raises a number of issues that are immaterial to the merits of the pending PI motion, including various aspects of the procedural background that led to the current litigation; the pending motion seeks only access to free weights. He also objects to Magistrate Judge Williams' overall conclusions as well as his specific finding that the cardiovascular activity provided when Norfleet uses his wheelchair on the ADA-accessible track is sufficient. The Court reviews the matter *de novo*.

    As a preliminary matter, the Court finds Magistrate Judge Williams thoroughly explored

Norfleet's immediate needs for certain types of exercise at the hearing, where Norfleet repeatedly stated he needs access to weightbearing exercises and did not complain of any other immediate unmet exercise needs.   Magistrate Judge Williams appropriately construed Norfleet's PI request to be solely for meaningful access to free weights.   Norfleet's current complaints about the lack of access to an adequate ADA-accessible track and his current wheelchair's performance on that track are beyond the scope of this PI motion.

Magistrate Judge Williams also correctly concluded that Norfleet is unlikely to be able to show the accommodation for his disability that he requests – access to free weights – would actually accommodate his disability.   Additionally, the Court finds Norfleet has not shown he will suffer irreparable harm if he does not have access to free weights at this time.   The evidence shows that that no medical professional has recommended Norfleet use free weights and that Norfleet's prior physical therapist recommended against using them.   Additionally, Norfleet is currently physically unable to perform – even without weights – the movements he proposes to perform with weights, with the exception of swinging his arms while holding weights.   That is an exercise not recommended by any medical professional and of speculative medical benefit.   Norfleet has simply not shown that having weights would be of any benefit to him or that not having them at this time would harm him.   Norfleet is currently able to perform appropriate exercises, as recommended by a physical therapist, without weights or other exercise equipment for a sufficient amount of time to satisfy constitutional standards.   Should his condition ever improve to a point where free weights or other exercise equipment would be essential to his physical health, he may ask the Court again for such relief.

Having conducted a *de novo* review of the matter, the Court:

- **ADOPTS** the Report in its entirety (Doc. 78);

- **OVERRULES** Norfleet's objections (Doc. 80); and

- **DENIES** Norfleet's motion for a PI (Doc. 51).

## II. Objection to Magistrate's Order

The Court also considers Norfleet's objection (Doc. 80) to Magistrate Judge Williams' April 20, 2016, order (Doc. 79) denying his motion for leave to supplement his complaint (Doc. 75).

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

In his motion for leave to supplement his complaint, Norfleet asked for permission to add claims of retaliation based on events that occurred after the first session of the aforementioned PI hearing. The claim would be against nine individuals, only one of whom is currently a defendant. Magistrate Judge Williams denied the motion because Norfleet did not submit a proposed amended complaint as required by Local Rule 15.1 and because Norfleet's new proposed claims are unrelated to the claims in this case. He ruled that they should be raised, if at all, in a separate case after Norfleet exhausts his administrative remedies. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that unrelated claims against different defendants belong in separate cases).

Norfleet objects that he does not have a copy of the complaint in this case from which to draft an amended complaint. He also submits evidence that reveals he has not yet exhausted his

4

administrative remedies for the disciplinary tickets he asserts as the basis of his retaliation claims.

Magistrate Judge Williams' decision is not clearly erroneous or contrary to law, and the Court sees no reason to reconsider it.   Norfleet may purchase a copy of his complaint from the Clerk's Office if he does not receive his legal materials back from the prison in a timely manner. He may also file a new case asserting his retaliation claims once he has exhausted his administrative remedies for the disciplinary action taken against him.   Accordingly, the Court:

- **AFFIRMS** Magistrate Judge Williams' April 20, 2016, order (Doc. 79); and
- **OVERRULES** Norfleet's objections (Doc. 80).

**IT IS SO ORDERED.**
**DATED:   May 25, 2016**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**